IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GERALD W. NUELLE, et al.,**
**Plaintiffs**

v.                                                                    CIVIL NO. 05-1280(DRD)

**GEORGIA FARM BUREAU MUTUAL**
**INSURANCE COMPANY, et al.,**
**Defendants**

| MOTION | ORDER |
|---|---|
| **Date Filed: 9/26/05**<br>**Docket # 10**<br>[] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Defendant Georgia Farm Bureau's Motion for Summary Judgment | **DENIED WITHOUT PREJUDICE.** See ruling at Docket No. 12. Further, defendant may resubmit its motion for summary judgment should it be deemed proper. |
| **Date Filed:** 10/14/2005<br>**Docket # 12**<br>[X] **Plaintiff**<br>[] **Defendant**<br>**Title:** Motion Requesting Leave to File Amended Complaint | **GRANTED.** *See*, Rule 15(a), Fed.R.Civ.P.; Foman v. Davis, 371 U.S. 178, 182 (1962). |
| **Date Filed:** 10/14/2005<br>**Docket # 14**<br>[] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Motion to Deem Defendants' Motion for Summary Judgment as Unopposed | **MOOT.** See ruling at Docket Nos. 10 and 12. |

| | |
|---|---|
| **Date Filed:** 12/14/2005<br>**Docket # 16**<br>[ ] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Halteh's Special Appearance Motion to Quash Notice of Suit/Waiver of Service of Summons or in the Alternative to set Definite Time for Response or Other Pleading to Amended Complaint | **GRANTED IN PART.** Co-defendant Halteh shall file its Answer to the Complaint and/or otherwise plead on or before February 6, 2006. **Absolutely any motion requesting an extension of time shall be SUMMARILY DENIED.** |
| **Date Filed:** 1/9/2006<br>**Docket # 18**<br>[ ] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Motion to Strike Plaintiffs' Reply | **DENIED.** See ruling at Docket No. 19. |
| **Date Filed:** 1/13/2006<br>**Docket # 19**<br>[X] **Plaintiff**<br>[ ] **Defendant**<br>**Title:** Motion to Amend Title | **GRANTED.** Plaintiffs' motion at Docket No. 17 shall reflect that it is an Opposition and not a Reply. The parties are reminded that "the function of the motion, and not the caption, dictates which Rule is applicable". Perez v. Cucci, 932 F.2d 1058, 1061n.10 (3rd Cir. 1991). However, the Court notes that certain plaintiffs' motions have been filed past the term provided by the Federal Rules of Civil Procedure and/or the Local Civil Rules. This is untenable. Strict compliance with the Rules is expected. Plaintiffs' are forewarned that "**[A] litigant who ignores a case-management deadline [or order] does so at his peril ... We have made it clear that district courts may punish such dereliction in a variety of ways. ... [L]itigants have an unflagging duty to comply with clearly communicated case-management orders ... .**" Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998); Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990) ("[W]ell established principle that discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation."). |

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 13th day of January 2006.

                                            **S/DANIEL R. DOMINGUEZ**
                                            **DANIEL R. DOMINGUEZ**
                                            **U.S. DISTRICT JUDGE**